**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5105**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

OMAR HAKEEN GRANT, a/k/a Omar Hakeem Grant, a/k/a Omar Hakim Grant,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:08-cr-00829-PMD-1)

———————

Submitted: April 28, 2011           Decided: May 2, 2011

———————

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Hakeen Grant pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced to eighty-four months' imprisonment. Grant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in her opinion, there are no meritorious issues for appeal, but questioning whether the district court adequately complied with Fed. R. Crim. P. 11 in accepting Grant's guilty plea and whether the sentence imposed is reasonable. Although advised of his right to do so, Grant has not filed a pro se supplemental brief. The Government declined to file a response. We affirm.

Because Grant did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Grant] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court fully complied with Rule 11 and that Grant's guilty plea was knowing and voluntary, and supported by an independent factual basis.

We also conclude that Grant's sentence is both procedurally and substantively reasonable. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). A sentence within the Guidelines range is accorded an appellate presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007). We have reviewed the record and conclude that Grant's within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Grant in writing of his

3

right to petition the Supreme Court of the United States for further review. If Grant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED